DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES E. BEAN, individually, d/b/a**
**Bean's Towing and Auto Body, and**
**J. R. B., a minor, by and through**
**JAMES E. BEAN, his father,**

                                        **Plaintiffs,**

                                                            **CIVIL ACTION**

**v.**

                                                            **No.   08-cv-2422-JWL-DJW**

**STEVEN NORMAN, et al.,**

                                        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Petition for Appointment of Next Friend (doc. 3) filed by

James E. Bean, the natural father of J. R. B., a minor.  In support of his motion, James E. Bean states

that the appointment of him as Next Friend is necessary in order for J. R. B.'s action to be instituted

and prosecuted in this Court.

The Federal Rules of Civil Procedure provide for cases in which parties may sue by a "next

friend" or guardian ad litem.[1]  Rule 17(c)(1) provides as follows:

> With a Representative.  The following representatives may sue or defend on behalf
> of a minor or an incompetent person: (A) a general guardian . . ..

Rule 17(c)(2) goes on to provide:

> Without a Representative. A minor or an incompetent person who does not have a
> duly appointed representative may sue by a next friend or by a guardian ad litem.
> The court must appoint a guardian ad litem - or issue another appropriate order - to
> protect a minor or incompetent person who is unrepresented in an action.

---

[1] *See* Fed. R. Civ. P. 17(c).

Applying Rules 17(c)(1) and (2) to this case, the Court finds that James E. Bean, as the

natural father of J. R. B., qualifies as a general guardian who may sue on behalf of a minor without

a formal court appointment.[2]  Accordingly, the Court will deny the Petition for Appointment of Next

Friend as moot.

**IT IS THEREFORE ORDERED** that the Petition for Appointment of Next Friend (doc.

3) filed by James E. Bean, the father of J. R. B., is denied as moot.

**IT IS SO ORDERED**.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and pro se parties.

---

[2]*See Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001); *Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (D. Mich. 1998) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084 (5th Cir. 1980)); *Meredith ex rel. Meredith v. Dusin*, No. 03-2532-CM, 2003 WL 22844157, at *1 (D. Kan. Nov. 12, 2003).